21-2726-cv
*Kirschner v. JP Morgan Chase Bank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
                JOSEPH F. BIANCO,
                MYRNA PÉREZ,
                      *Circuit Judges.*

---

MARC S. KIRSCHNER, solely in his capacity as Trustee of The Millennium Lender Claim Trust,

        *Plaintiff-Appellant,*         21-2726-cv

        v.

JP MORGAN CHASE BANK, N.A., JP MORGAN SECURITIES LLC, CITIBANK, N.A., BANK OF MONTREAL, BMO CAPITAL MARKETS CORP., SUNTRUST ROBINSON HUMPHREY, INC., SUNTRUST BANK, CITIGROUP GLOBAL MARKETS, INC.,

        *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**     CHRISTOPHER P. JOHNSON, (Kyle A. Lonergan, Joshua J. Newcomer, and

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

|  |  |
|---|---|
|  | Grant L. Johnson, *on the brief*), McKool Smith P.C., New York, NY. |
| **FOR DEFENDANTS-APPELLEES JP MORGAN CHASE BANK, N.A. and JP MORGAN SECURITIES LLC:** | JEFFREY B. WALL (Christopher M. Viapiano, Zoe A. Jacoby, Ann-Elizabeth Ostrager, and Mark A. Popovsky, *on the brief*), Sullivan & Cromwell LLP, Washington, D.C. & New York, NY. |
| **FOR DEFENDANTS-APPELLEES CITIBANK N.A. and CITIGROUP GLOBAL MARKETS INC.:** | Benjamin S. Kaminetzky, Lara Samet Buchwald, and Tina Hwa Joe, *on the brief*, Davis Polk & Wardwell LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES SUNTRUST ROBINSON HUMPHREY, INC., and SUNTRUST BANK:** | J. Emmett Murphy and John C. Toro, *on the brief*, King & Spalding LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES BMO CAPITAL MARKETS CORP. and BANK OF MONTREAL:** | Steve M. Dollar and Sean M. Topping, *on the brief*, Norton Rose Fulbright US LLP, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 22, 2020 and September 30, 2021 orders of the District Court be and hereby are **AFFIRMED**.

In 2014, Defendants-Appellees facilitated a $1.775 billion syndicated term loan to Millennium Health LLC f/k/a Millennium Laboratories ("Millennium"). Plaintiff-Appellant Marc S. Kirschner is the trustee of the Millennium Lender Claim Trust, the beneficiaries of which are "approximately 70 institutional investor groups, comprised of roughly 400 mutual funds, hedge funds, and other institutional investors" who purchased debt obligations of Millennium as part of the syndicated loan transaction facilitated by defendants. Joint App'x ("J.A.") 17. Shortly after the transaction closed, Millennium filed for bankruptcy. Plaintiff thereafter brought a series of claims against defendants arising from their role in the syndicated loan transaction.

On appeal, plaintiff challenges the District Court's dismissal of his claims for violations of state securities laws, negligent misrepresentation, and breach of contract, as well as the District Court's denial of his motion for leave to amend the complaint.[1] Plaintiff also appeals the District Court's determination that it had subject-matter jurisdiction over the action pursuant to the Edge Act, 12 U.S.C. § 632. Plaintiff's appeal as it concerns the dismissal of his state-law securities claims and the District Court's determination that it had jurisdiction pursuant to the Edge Act is addressed in an opinion entered this same day.[2] We write separately here to address plaintiff's remaining claims on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs." *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012). "While ordinarily, we review denial of leave to amend under an 'abuse of discretion' standard, when the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (emphasis added) (brackets and internal quotation marks and citation omitted).[3]

---

[1] Plaintiff originally pled two breach of contract claims: one involving alleged failures to satisfy "conditions precedent" and the other involving alleged failures to provide notice of default. Plaintiff appeals the dismissal of only his "conditions precedent" breach of contract claim. *See* Pl. Br. at 51–53.

[2] In that opinion, we affirm the District Court's determination that it had jurisdiction pursuant to the Edge Act and its dismissal of plaintiff's state-law securities claims.

[3] The District Court referred plaintiff's motion for leave to amend the complaint to Magistrate Judge Sarah L. Cave. Magistrate Judge Cave issued a Report and Recommendation recommending "that [p]laintiff's [motion for leave to amend] be denied on grounds of futility." Sp. App'x at 67. The District Court adopted Magistrate Judge Cave's Report and Recommendation and accordingly denied plaintiff's motion for leave to amend the complaint as futile. Defendants assert that plaintiff failed to preserve at least some of his challenges to the District Court's ultimate denial of his motion for leave to amend because he made only "perfunctory objections" to the Report and Recommendation. Def. Br. at 62 (citing *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016)). Defendants argue that for such challenges, we should conduct at most an "abbreviated review" of the underlying Report and Recommendation. *Id.* (quoting *Benitez*, 654 F. App'x at 504). Plaintiff asserts that we must conduct a *de novo* review. Pl. Br. at 17; *see also* Reply Br. at 25 n.26. We need not determine whether no review, "abbreviated review," or *de novo* review is the appropriate standard of review. We assume without deciding that *de novo* review is proper. Under that review, we agree with the District Court that plaintiff's motion to amend the complaint is futile.

3

Having conducted a *de novo* review of the District Court's dismissal of plaintiff's negligent misrepresentation and breach of contract claims, we affirm those dismissals for substantially the reasons stated by the District Court. Likewise, having conducted a *de novo* review of the District Court's denial of plaintiff's motion for leave to amend the complaint as futile, we affirm that denial for substantially the reasons stated by the District Court in its opinion adopting Magistrate Judge Cave's Report and Recommendation.

## CONCLUSION

Having reviewed all of the arguments raised by plaintiff on appeal and finding them to be without merit, we **AFFIRM** the May 22, 2020 and September 30, 2021 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court